UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAREK LATHAN, *et al.*, ) | Case No. 3:21 CV 42 |
| ) | |
| Plaintiffs ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| ALEX RUTTER, *et al.*, ) | |
| ) | MEMORANDUM OPINION |
| Defendants ) | AND ORDER |

*Pro se* Plaintiffs Darek Lathan, Bryan Mays, Cecil Wilson, Kelley Lee, Grant Black, Richard Stewart, Anthony Robinson, Tyrone Hoskins, Jayson Hill, Larry Singleton, and "50 Unknown Federal Detainees," filed this action against Alex Rutter, U.S. Marshal; Dennis Sullivan, "being director of northwest Ohio Correctional center"; John Tharp, "board member of the 5 counties which house defendants at Northwest Ohio Correctional Center"; and "4 unknown county board members" in the Lucas County Court of Common Pleas. (Doc. No. 1-1).

For the following reasons, this action is dismissed.

## I. BACKGROUND

Plaintiffs state that they are federal detainees at the Corrections Center of Northwest Ohio ("CCNO") in Stryker, Ohio. Plaintiffs' Complaint concerns the conditions of confinement at CCNO, alleging the following: Defendants' purported failure to provide "adequate shoes, hats, and jackets...during the winter season to help avoid detainees/defendants from contracting flu, colds, and other illnesses," including COVID-19; Defendants' alleged failure to address the purported inadequate conditions of confinement relating to COVID-19; and Defendants' alleged failure to

adequately address Plaintiff Lathan's "deteriorating shoulder" that requires medical treatment. (Doc. No. 1-1 at 3-7.) Plaintiffs also appear to assert various tort claims. (*Id.* at 7.)

In their Complaint, Plaintiffs allege that "Director Sullivan" failed to provide adequate shoes, hats, and jackets "to combat the winter elements" and this failure has contributed to Plaintiffs "contracting flu, colds, and other illnesses," including COVID-19. (Doc. No. 1-1 at 3-4.) Plaintiffs also allege that "Marshal Alex[Rutter], Dennis Sullivan, and "board member John Tharp ... negligently ignored" their plea for these items and their negligence resulted in negligent infliction of emotional distress. (*Id.* at 4.) The Complaint further states that there is no adequate quarantine, which has caused the CCNO to file its own lawsuit, and "federal detainees ... are protected by the 5th Amendment to the U.S. Constitution, which clearly states that federal detainees cannot be subjected to places of confinement [that] will cause them serious illnesses or death." (*Id.* at 5.) Plaintiffs also allege that Defendants' failure to provide adequate shoes, hats, and jackets "equates to "malicious [malice], wanton disregard of the safety of [the] detainees" and is "actional tort." (*Id.* at 6.) Plaintiffs assert in their final claim that Defendants' actions "[a]mount to actual malice, actus reus, imbecility, tortious behavior, wilful conduct, wanton conduct, natural and probable consequences, [and] frolic of their own." (*Id.* at 7.)

Additionally, Plaintiff Lathan alleges that he has informed "director Sullivan" of his deteriorating shoulder that requires a cortisone shot and "the needed removal of a large irregular growth on the back of his head." *(Id.)* Plaintiff Lathan asserts that "these pleas of emergency medical treatment has also been ignored for multiple years by Defendants." (*Id.*)

Plaintiffs seek monetary damages of $100,000, punitive damages of $100,000**,** and a "grant to purchase shoes, hats, and jacket**"** or an order "compelling [the] holding facility to allow detainees

to purchase [these garments]" or an order "allowing said garments to be dropped off for detainees." Plaintiffs also seek an order compelling the U.S. Marshal to transport detainees to a treatment facility or permitting medical furlough. (Doc. No. 1-1 at 7-8.**)**

Defendant Rutter removed this action to Federal Court (Doc. No. 1) and filed a Motion to Dismiss (Doc. No. 12). Defendants Sullivan and Tharp also filed a Motion to Dismiss (Doc. No. 11.) Plaintiffs filed a "Motion to Dismiss Defendant Motion to Dismiss" (Doc. No. 13), which this Court liberally construes as Plaintiffs' opposition to Defendants' Motions.

## II. STANDARD OF REVIEW

Defendants filed Motions to Dismiss for failure to state a claim under Fed. R. Civ. P 12(b)(6) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (*See* Doc. Nos. 11 and 12.)

To survive a Fed. R. Civ. P.12(b)(6) motion to dismiss, a plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) . Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A complaint requires "further factual enhancement," that "state[s] a claim to relief that is plausible on its face." *Id.* at 557, 570. A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

1937, 173 L. Ed. 2d 868 (2009). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

When a party files a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P.12(b)(1) in conjunction with other Rule 12 motions, however, the Court generally considers the Rule 12(b)(1) motion first. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction[.]"). "It is the plaintiff's burden . . . to prove that this court has jurisdiction over [the plaintiff's] claim." *Kiser v. Reitz*, 765 F.3d 601, 607 (6th Cir. 2014).

In considering the pending motions, the Court is mindful that *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (pro se complaints are entitled to liberal construction) (citations omitted). This lenient treatment, however, has limits. The Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. LAW AND ANALYSIS

Plaintiffs' specific claims are not entirely clear. Liberally construing Plaintiffs' Complaint, however, it appears that Plaintiffs allege Defendants violated their constitutional rights when Defendants (1) failed to provide adequate clothing items, which placed Plaintiffs at risk of contracting illnesses, including COVID-19; (2) provided inadequate COVID-19 protocols; and (3)

ignored Plaintiff Lathan's pleas for medical treatment. Plaintiffs also appear to allege Defendants committed "tortious behavior." As Plaintiffs assert claims against "Marshal Alex[Rutter], being superior marshal of federal detainees," "Dennis Sullivan, being director of [CCNO]," and "John Tharp, being a board member," the Court construes Plaintiffs' claims against Defendants in their official capacities. (*See* Doc. No. 1-1 at 2-3.)

Upon review, the Court agrees with the Defendants that Plaintiffs' Complaint warrants dismissal.

### A. Proper Parties

As an initial matter, the Court will recognize only Darek Lathan as the proper Plaintiff in this action, and any claims concerning the remaining purported plaintiffs will not be considered.

A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). A *pro se* litigant, however, may not represent anyone other than himself or herself. *See e.g. Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but [he] cannot be represented by a nonlawyer"); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself"); *see also Jackson v. Kment*, E.D.Mich. No. 13-cv-10819, 2016 U.S. Dist. LEXIS 33684, * 20 (Mar. 16, 2016) (finding Plaintiff lacks standing to seek injunctive relief on behalf of "his friends and family members"). And an adult litigant who wishes to proceed *pro se* must personally sign the Complaint or Petition to invoke the Court's jurisdiction. *Steelman v. Thomas*, 848 F.2d 194 (6th Cir. 1988); *Banks v. Valaluka*, N.D.Ohio No. 1:15-cv-1935, 2015 U.S. Dist. LEXIS 156558, * 23 (Nov. 18, 2015) (citing

28 U.S.C. § 1654); see Fed.R.Civ.P. 11(a)("Every pleading...must be signed by at least one attorney of record...or by a party personally I f the party is unrepresented.").

Upon review, the Court finds that only Lathan signed the Complaint filed in this action. And to the extent that Plaintiff Lathan seeks to represent the interests of the other individuals named in the caption of the Complaint, there is no indication from the Complaint that Plaintiff Lathan is an attorney licensed to practice law. The Court will therefore consider only the claims made by Lathan (hereinafter, "Plaintiff").

Accordingly, the purported claims of Mays, Wilson, Lee, Black, Stewart, Robinson, Hoskins, Hill, Singleton, and "50 unknown federal detainees" are dismissed.

### B. Declaratory and Injunctive Relief

Plaintiff alleges that Defendants failed to provide adequate shoes, hats, and jackets during the winter season and they failed to address his requests for medical treatment. First, he seeks a "grant to purchase shoes, hats, and jacket" or an order "compelling [the] holding facility to allow detainees to purchase [these garments]" or an order "allowing said garments to be dropped off for detainees." Second, he seeks an order compelling the U.S. Marshal to transport him to a treatment facility or an order permitting medical furlough. (Doc. No. 1-1 at 7-8.) Plaintiff's claims seeking declaratory or injunctive relief are moot.

It is well-established that an inmate's request for declaratory and injunctive relief is moot upon his transfer to a different facility. *See Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) ("A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility.") (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)); *Clay v. Weidner*, N.D.Ohio No. 1:19-cv-1916, 2020 U.S. Dist. LEXIS 104825, at *10 (June 16, 2020).

Here, at the time Plaintiff filed his Complaint, he was incarcerated at CCNO in Stryker, Ohio. On February 18, 2021, however, Plaintiff notified the Court that he had been transferred to FCI Milan. (Doc. No. 10.) In his "Judicial Notice," Plaintiff stated that he was removed from "the toxic facility in Stryker, Ohio." (*Id.*) Any consideration of Plaintiff's claims for declaratory and injunctive relief were therefore rendered moot upon his transfer from the facility about which he complained.

Accordingly, Plaintiff's request for declaratory and injunctive relief is dismissed as moot.

### C. Bivens Claim

Plaintiff appears to allege that Defendants, as federal agents or employees, violated his constitutional rights when they failed to provide adequate shoes, hats, and jackets; provided inadequate COVID-19 protocols; and ignored his requests for medical treatment. To the extent that these claims attempt to challenge the conditions of the facility where Plaintiff was originally incarcerated, they properly arise, if at all, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *See Sullivan v. United States*, 90 F.App'x. 862, 863 (6th Cir. 2004) (district court properly construed action as a *Bivens* action where plaintiff alleged that he was deprived of a right secured by the United States Constitution by persons acting under color of federal law). *Bivens* provides a cause of action against individual federal agents who allegedly violate the Constitution.

### 1. Official Capacity

Plaintiff, however, cannot bring a *Bivens* claim against the United States, its agencies, or its employees or agents sued in their official capacities for the alleged denial of his constitutional rights.

The United States, as a sovereign, is immune from suit unless it explicitly waives its

immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91, 61 S. Ct. 767, 85 L. Ed. 1058 (1941). In most cases, Congress defines the exact terms and conditions upon which the United States, its agencies, and its employees may be sued. The terms of the consent define the parameters of federal court jurisdiction to entertain suits brought against the United States government. *United States v. Orleans*, 425 U.S. 807, 814, 96 S. Ct. 1971, 48 L. Ed. 2d 390 (1976); *Honda v. Clark*, 386 U.S. 484, 501, 87 S. Ct. 1188, 18 L. Ed. 2d 244 (1967). And this sovereign immunity extends to agents and officers of the United States to the extent they are sued in their official capacities. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994).

The United States has not consented to suit in a *Bivens* action. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. at 484-86; *Okoro v. Scibana*, 63 F. App'x 182, 2003 WL 1795860 at * 1 (6th Cir. 2003) (stating that a federal prisoner cannot bring a *Bivens* action against the Bureau of Prisons).

Here, Plaintiff brings a *Bivens* claim for damages against Defendants Rutter, Sullivan, and Tharp, in their official capacities. Sovereign immunity therefore bars Plaintiff's claims.

### 2. Individual Capacity

Even if the Court construes Plaintiff's Bivens claims against Defendants in their individual capacities, Plaintiff's claims fail.

Liberally construing the Complaint, Plaintiff appears to allege that Defendants have violated his constitutional rights by: (1) failing to provide adequate shoes, hats, and jackets, which placed Plaintiff at risk of contracting illnesses, including COVID-19; (2) failing to adhere to COVID-19 protocols; and (3) ignoring Plaintiff's requests for medical treatment.

A federal detainee's "'claims relating to health concerns are analyzed using an

Eighth-Amendment, deliberate-indifference framework.'" *See Hango v. Adducci*, 2020 U.S. Dist. LEXIS 105889, at * 14 (N.D. Ohio June 17, 2020) (quoting *Toma v. Adducci*, 2020 U.S. Dist. LEXIS 94715, at * 10 (E.D. Mich. May 31, 2020)). *See also Solis-Martinez v. Adducci*, No. 1:20-cv-1175, 2020 U.S. Dist. LEXIS 127350, at *12 (N.D.Ohio July 20, 2020).

The Eighth Amendment protects all people from "cruel and unusual punishments." U.S. Const. amend. VIII. "'[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993)). Although the Constitution "does not mandate comfortable prisons," it "does [not] permit inhumane ones." *Farmer*, 511 U.S. at 832 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1981)).

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement by "ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care" and taking "reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-527, 82 L. Ed. 2d 393, 104 S. Ct. 3194 (1984). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer*, 511 U.S. at 828 (citing *Helling, supra*; *Wilson v. Seiter*, 501 U.S. 294, 115 L. Ed. 2d 271, 111 S. Ct. 2321 (1991); *Estelle v. Gamble*, 429 U.S. 97, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)).

To state a claim under the Eighth Amendment's deliberate indifference framework, a prisoner must demonstrate both objective and subjective components. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020). He must show that (1) "he is incarcerated under conditions posing a substantial risk of serious harm" (objective); and (2) an official must "know[] of and disregard[] an excessive risk

to inmate health or safety" (subjective). *Id.* at 840 (quoting *Farmer*, 511 U.S. at 834, 837). In other words, the prisoner must demonstrate he was subjected to an objectively serious prison condition to which a defendant prison official acted with subjective "deliberate indifference." *Farmer*, 511 U.S. at 834. The subjective component of a claim requires a prisoner to show that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. An official may not be held liable if he responded reasonably to a known risk, even if the harm ultimately was not averted. *Id.* at 844.

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). And only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

### Shoes, Hats, and Jackets

Plaintiff claims that Defendants failed to provide adequate shoes, hats, and jackets during the winter season. He states that Defendants' failure to provide such items has "contribut[ed] to detainees ... contracting flu, colds, and other illnesses, after exiting recreation." (Doc. No. 1-1 at 3). He also states that this failure "place[d] detainees in a precarious situation as to whether to stay indoors and miss the hour of recreation ... or go to recreation and risk contracting flu, colds, and other illnesses mainly COVID-19." (*Id.* at 4.)

The Eighth Amendment may be violated when prison officials provide inadequate clothing to inmates required to go outside in the winter. *Knop v. Johnson*, 977 F.2d 996, 1012-13 (6th Cir. 1992), *cert. denied*, 507 U.S. 973, 113 S. Ct. 1415, 122 L. Ed. 2d 786 (1993). But courts must

-10-

consider the duration of the exposure to the cold temperatures and the totality of the conditions when determining whether a constitutional violation has occurred. *See Spencer v. Bouchard*, 449 F.3d 721, 728-29 (6th Cir. 2006). And the denial of winter clothing, absent some showing of injury, does not constitute deliberate indifference. *See Walker v. Weidner*, No. 1:18-cv-640, 2018 U.S. Dist. LEXIS 154664, at *8 (N.D.Ohio Sep. 11, 2018) (citing *Ellis v. Mohr*, No. 1:13-cv-1058, 2017 U.S. Dist. LEXIS 152059, at *23 (N.D.Ohio Sep. 19, 2017)). *See also Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009) (prison officials' alleged failure to issue adequate cold weather clothing to an inmate who suffered from hurt ears, numb hands, possible frostbite, and a cold as a result did "not rise to the level of the objectively serious harm necessary to show an Eighth Amendment violation" where the inmate "did not show that he was forced to be in the cold for long periods of time or that he suffered anything more than the usual discomforts of winter"); *Brittenham v. Mackintosh*, No. 09-14285, 2010 U.S. Dist. LEXIS 2652, 2010 WL 148337, at *2 (E.D. Mich. Jan. 13, 2010) (quartermaster's refusal to provide coat and underwear causing prisoner to be cold does not demonstrate serious deprivation required to establish an Eighth Amendment violation).

Here, Plaintiff does not indicate that he was required to go outside during the winter. In fact, he states that he had the option to stay indoors and forego recreation time. Plaintiff also fails to allege how cold the temperatures were at CCNO when prison officials allegedly refused his requests for shoes, hats, and jackets. Nor does he allege that he was continuously exposed to cold temperatures. Rather, it appears from the Complaint that Plaintiff's exposure to purported cold temperatures was intermittent, during optional outdoor recreation time only. *See Walker*, No. 2018 U.S. Dist. LEXIS 154664, at *8. Additionally, he fails to specifically allege that he suffered from an illness resulting from inadequate clothing; rather, Plaintiff generically alleges that he was placed

at risk of contracting a cold, the flu, or COVID-19. To the extent that he claims that he contracted a cold, the flu, or other illness, Plaintiff alleges no facts from which the Court can infer "that he experienced anything more than the typical discomforts of winter in temporary adverse conditions." *Id*.

Plaintiff therefore fails to allege that he was deprived of the minimal civilized measures of life's necessities concerning Defendants' alleged failure to provide proper clothing. *Rhodes*, 452 U.S. at 347.

Even if Plaintiff's claims could be construed as a sufficiently serious deprivation, Plaintiff has not alleged facts suggesting that any of the defendants were aware of these conditions and acted in deliberate indifference toward his health and safety. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 836. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010)(citing *Farmer*, 511 U.S. at 837).

Here, Plaintiff does not allege facts suggesting that these Defendants had knowledge of an excessive risk to his health and safety when they failed to provide the requested clothing and nonetheless disregarded that risk. In fact, Plaintiff concedes that Defendants' actions constituted negligence, stating that "Marshal Alex[Rutter], Dennis Sullivan, and "board member John Tharp ... negligently ignored" Plaintiff's request for these items. Doc. No. 1-1 at 4. "[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk;" it is not mere negligence. *Farmer*, 511 U.S. at 836.

Plaintiff therefore fails to state a claim for an Eighth Amendment violation for Defendants' alleged failure to provide adequate clothing items upon which relief can be granted.

## COVID-19

Plaintiff fails to state a claim of deliberate indifference concerning the COVID-19 conditions at CCNO.

The entirety of Plaintiff's Complaint as it relates to COVID-19 alleges that Plaintiff is at risk of "potentially" contracting COVID-19; CCNO has inadequate room to quarantine new arrivals; and this alleged lack of quarantine has compelled CCNO to file its own lawsuit concerning COVID-19. (*See* Doc. No. 1-1 at 4-5.) These statements do not demonstrate that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

On the face of the Complaint, Plaintiff acknowledges that CCNO has taken some actions in response to the risks presented by COVID-19, stating that new arrivals are required to wear yellow wristbands and they are "instructed to [wear] face masks at all times." (*See* Doc. No. 1-1 at 5.) These actions are similar to those considered by the Sixth Circuit in the context of a COVID-19-related Eighth Amendment claim. *See Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020). In *Wilson*, the Sixth Circuit concluded that a class of medically vulnerable inmates was not likely to succeed on the merits of the required subjective component of an Eighth Amendment claim when the Federal Bureau of Prisons implemented some measures in response to the COVID-19 pandemic, including screening inmates for symptoms, educating staff and inmates about the virus, quarantining new inmates, and providing masks. *Id.*; *see also Cameron v. Bouchard*, 815 F.App'x 978, 985 (6th Cir.2020) (finding federal detainees not likely to succeed on the merits of their deliberate indifference claim where the

-13-

jail took reasonable measures in response to COVID-19). Although Plaintiff alleges that CCNO's quarantine is inadequate, he fails to allege sufficient facts demonstrating any of the Defendants acted recklessly–with deliberate indifference–concerning COVID-19 protocols. *Farmer*, 511 U.S. at 836.

Plaintiff therefore fails to state a plausible claim for an Eighth Amendment violation for Defendants' alleged inadequate COVID-19 protocols.

### **Medical Treatment**

Liberally construing Plaintiff's Complaint, Plaintiff also appears to allege that Defendants violated his constitutional rights when they ignored his "pleas of emergency medical treatment" for a "deteriorating shoulder [that] require[s] a cortisone shot" and "the needed removal of a large irregular growth" on his head. (*See* Doc. No. 1-1 at 7.) In support, Plaintiff alleges that he has informed "director Sullivan" for two years, and his requests "ha[ve] also been ignored for multiple years by defendants." (*Id.)*

The Eighth Amendment prohibits prison officials from acting with "deliberate indifference" toward an inmate's serious medical needs. *See Estelle*, 429 U.S. at 104; *see also Horn by Parks v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994) ("Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment."). A prisoner must therefore demonstrate that (1) his medical condition posed a "substantial risk of serious harm" to him, and (2) each defendant in question acted with subjective deliberate indifference to that risk. *See Farmer*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

The objective element requires the existence of a "sufficiently serious" medical need. *Farmer*, 511 U.S. at 834. A sufficiently serious medical need has been defined as one "that has been

diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citations omitted).

The subjective element requires "an inmate to show that prison officials have 'a sufficiently culpable state of mind in denying medical care.'" *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). To establish the requisite culpability, a prisoner must demonstrate that the prison official(s) "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010); *Brik v. McConnell*, No. 4:20-cv-1825, 2021 U.S. Dist. LEXIS 16955, at *6 (N.D.Ohio Jan. 29, 2021). "[A]n inadvertent failure to provide adequate medical care" is not "repugnant to the conscience of mankind" and is therefore insufficient to state a claim of deliberate indifference. *Estelle*, 429 U.S. at 105-106.

Here, Plaintiff fails to allege facts suggesting his purported medical condition is sufficiently serious. His sole statement concerning his "deteriorating shoulder" and "irregular growth" on his head does not constitute so obvious a condition that a layperson can easily recognize the necessity for medical attention. Nor does this statement establish that Plaintiff has been diagnosed by a physician as mandating treatment. *Harrison*, 539 F.3d at 518.

Moreover, even if the Court were to find Plaintiff's alleged medical condition sufficiently serious, Plaintiff's conclusory statement that Defendants have "ignored" his condition is insufficient to state a claim that any of the defendants were deliberately indifferent to his purported condition. *See Mason v. Eddy*, No. 1:18-cv-2968, 2019 U.S. Dist. LEXIS 134550, at *32 (N.D.Ohio Aug. 9,

2019) (prisoner's conlusory allegation that a prison official "ignored" his chin infection and "refused" him treatment fails to state a claim for deliberate indifference); *Hartman v. Pickney*, No. 1:18-cv-1060, 2018 U.S. Dist. LEXIS 153871, at *7-8 (N.D. Ohio Sept. 10, 2018) (prisoner's conclusory allegation that defendant "ignored" his medical needs is insufficient to support a plausible inference that the defendant had the requisite subjective state of mind to demonstrate deliberate indifference).

Plaintiff therefore fails to state a claim for deliberate indifference concerning his alleged medical condition.

### D. State Law Tort Claims

Plaintiff states that Defendants' alleged failure to provide adequate clothing "equates to "malicious [malice], wanton disregard of the safety of [the] detainees" and is "actional tort" and Defendants' conduct "[a]mount[s] to actual malice, actus reus, imbecility, tortious behavior, wilful conduct, wanton conduct, natural and probable consequences, [and] frolic of their own." (Doc. No. 1-1 at 6-7.) To the extent Plaintiff is alleging state law tort claims, Plaintiff's claims are unavailing.

Plaintiff's tort claims can only be brought under the Federal Tort Claims Act ("FTCA"), which provides the exclusive jurisdictional basis for tort claims against the United States and its employees for actions committed in the scope of their employment. 28 U.S.C. § 2679(b)(1). The United States' consent to suit under the FTCA, however, is limited to those in which the tort claims were "presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The timely filing of an administrative claim is a requirement of the FTCA. If the administrative requirements of the FTCA have not been fulfilled, the case must be dismissed. *Dolan v. United States*, 514 F.3d 587, 593 (6th Cir.2008).

Here, Plaintiff has not demonstrated that he has complied with the exhaustion requirement

necessary for asserting a tort claim against the United States under the FTCA. His purported state tort law claims are therefore dismissed. *See id.*

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (Doc. Nos. 11 and 12) are granted and this action is dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

IT IS SO ORDERED.

          */s/ SOLOMON OLIVER, JR.*
          UNITED STATES DISTRICT JUDGE

June 7, 2021